[Civ. No. 8416. Second Appellate District, Division Two.—June 18, 1934.]

E. B. SPENCER, Appellant, v. ASSOCIATED ROCK COMPANY (a Corporation) et al., Respondents.

Davis & Thorne for Appellant.

John B. Haas and John D. Home for Respondent Associated Rock Company.

CRAIG, Acting P. J.—A former director and vice-president having instituted suit against the Associated Rock Company, a corporation, for alleged compensation for services, and joined others alleged to have assumed the indebtedness, a nonsuit as to the latter and judgment in favor of the corporation were granted, from which plaintiff appeals.

The plaintiff and the company owned adjoining lands which became the subject of negotiations for financing and sale. A share of stock was issued to plaintiff, he was elected director and vice-president and the board as so constituted endeavored to consummate various transactions toward accomplishment of the common design. The defendants denied any agreement to pay him except from proceeds of their united efforts. It was testified by plaintiff in support of his claim that his associates had expressed a desire to pay a salary each month for such portion of his time as might be needed; that they visited the properties and made trips to other parts of the state, and that at one time when pressed for funds with which to pay taxes he received certain notes of the company, but that the same were returned by him; that "every time we had a transaction under way, why they said we would wait until we got through with that matter or finished that transaction" in order that funds should be available for each of the parties, and that he

"naturally figured it would come out of the finances of that transaction". Evidence on behalf of the defendants was to the effect that at no time did they have funds or consummate a transaction.

█ It is contended that findings that plaintiff was not employed at an agreed monthly compensation and that the rock company's co-defendants did not for a consideration assume his claim therefor or guarantee the same were contrary to the evidence. It lay within the province of the trial court to accept or reject the testimony of any witness. The plaintiff swore that his associated directors agreed both "as individuals" and "as stockholders" that they would pay for services rendered in said transactions. This statement as to the capacity in which they agreed, if at all, amounted to a mere conclusion, and since the contingency failed the subject of the alleged guaranty fell therewith, and its validity became immaterial. Hence the findings of the trial court are conclusive, and other errors, if any, including the granting of a nonsuit, need not be considered.

The attempted appeal from the order denying a new trial is dismissed and the judgment is affirmed.

Desmond, J., and Scott, J., *pro tem.*, concurred.